**SCHELLER et al. v. GROESBECK et al.**
**(No. 242–3435.)**

(Commission of Appeals of Texas, Section B. June 15, 1921.)

**1. Deeds ⬾93—Cardinal ruling of construction is to ascertain parties' intent.**

The cardinal rule for construction of a written instrument as a deed is to arrive at the intention of the parties.

**2. Deeds ⬾97—All parts should be given effect, if possible.**

All parts of deeds should be given effect, if possible.

**3. Deeds ⬾111—General description yields to particular description.**

Where a particular description in a deed is followed by a general description, the latter yields, but, where it is possible, the real intention must be gathered from whole description, including the general as well as special.

**4. Deeds ⬾112(1) — All instruments in a chain of title when referred to will be read into deeds.**

All instruments in a chain of title when referred to in a deed will be read into it.

**5. Evidence ⬾461(3)—Where deed is clear, parol evidence is inadmissible to show intention.**

Where the description in a deed is plain, clear, and unambiguous, parol evidence is inadmissible to show that it was intended by the parties to convey land not described.

**6. Deeds ⬾112(1)—Conveyance of league of land held not to embrace labor.**

Where the grantor owned a league of land lying in Jasper county and labor of land lying in Liberty county, though it was supposed that they both lay in the latter county, a deed reciting a sale of a league of land lying in county of Liberty which referred to previous conveyances wherein the league and labor were referred to as the C. league and C. survey did not, though the grantee later attempted to convey both parcels of land, include the labor, on the theory that such conveyance by the grantee, coupled with the fact that that grantor did not thereafter assert any right to the labor, showed an intention to pass both parcels.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. N. Groesbeck and others against L. Scheller and others, in which George M. Coale was impleaded, and Katherine Wolf subsequently was made a defendant. A judgment for plaintiffs against Scheller and Wolf and in favor of the named defendants against defendant Coale on his covenant of warranty was affirmed by the Court of Civil Appeals (215 S. W. 353), and defendant Scheller and others bring error. Judgments of district court and Court of Civil Appeals reversed, and judgment rendered for defendants.

W. R. Blain and Oswald S. Parker, both of Beaumont, for plaintiffs in error.

E. B. Pickett, Jr., of Liberty, for defendants in error.

KITTRELL, J. The sole question to be determined in this case is whether a deed executed January 30, 1842, by John H. Walton to Lent M. Hitchcock, Jr., for "a league of land, the said league of land being the same that was granted to," etc., operated so as to convey a "labor" of land surveyed coincident with the survey of the league, and incorporated in the same Mexican grant, and both believed to have been in the same county (Liberty), and both so described and dealt with, though, as was subsequently developed, the league is in fact in Jasper county.

The chain of title begins with a grant (the original of which was offered in evidence) made to Salvador Castillo November 6, 1835, in which the land conveyed is described as "lying 1½ miles south of the road leading from the town of Liberty to the village of Beaumont, about 12 miles from Liberty," and then a description is given by the beginning corner and the other corners of a survey 1,-000 varas square "thus forming one labor of land," then immediately following, with the interposition only of a comma, is the language, "completed afterwards the survey of one league of land for the same Salvador Castillo, which league of land is situated near the Neches river 10 miles from Grant's Bluff," then follows complete field notes of a survey 5,000 varas square, or one league.

By a regular chain of conveyances (not necessary to be set forth in detail), beginning with a deed from Castillo to John K. Allen of date August 27, 1836, and ending with a conveyance to John H. Walton of date January 26, 1842, there being exclusive of the original grant six conveyances, the title to the league and the labor passed into John H. Walton.

The description in all the conveyances was practically the same except that in the sixth instrument in the chain part of the description is "known as the Castillo league." By that deed the league and labor was conveyed to John H. Walton and William Turner.

In the next or seventh instrument by which William Turner conveyed his undivided half of "one league and labor" to John H. Walton part of the description is, "known as the Castillo survey." In each conveyance reference is made back to the preceding conveyances and to the record thereof in Liberty county for more particular description. The deed from John H. Walton to Hitchcock bears date January 28, 1842, and the description therein is as follows:

"A league of land lying and being in the county of Liberty in said republic, the said league of land being the same that was granted

to Salvador Castillo by the state of Coahuila and Texas."

Then is given the name of the commissioner by whom "title of possession" was executed, then follows a detailed list in consecutive order of all prior conveyances, all of which were referred to "for the boundaries and a fuller description of said land."

On August 2, 1845, Hitchcock made a deed to John D. Groesbeck, ancestor of defendants in error, describing the land conveyed thereby as "one league and labor of land lying and being in the county of Liberty, republic aforesaid," etc., then follows substantially the same description as in preceding deeds, except that the detailed list of preceding conveyances contains that of Walton to Hitchcock, and the reference back to all preceding deeds is made, as was done in preceding conveyances.

If the deed from Walton to Hitchcock conveyed the labor, then by the deed of date August 2, 1845, made by Hitchcock complete title to the "league and labor passed into John D. Groesbeck, and later by inheritance into defendants in error, as to whose heirship no question is raised. The litigation between the parties to the record arose in the following way: Acting evidently upon the belief that according to the record John H. Walton had never conveyed the labor, his heirs, through an agent and attorney in fact, conveyed the labor to George M. Coale on October 22, 1903, for a consideration of $885, which was paid by Coale, according to the terms of the deed to him.

On the same day that Coale bought (October 22, 1903) he conveyed the labor to plaintiff in error L. Scheller for a consideration of $1,150 partly in cash and partly on credit, and Scheller paid in full, and received a release of the lien. When Scheller bought he had the title to the labor examined by competent attorneys, and had no notice of any adverse claim, since no person was occupying the land, and he went on it before he bought it, and a year after he bought it he put a house on it.

On March 6, 1916, defendants in error instituted suit for title and possession of the labor against Scheller, who impleaded Coale as his warrantor. The trial court rendered judgment in favor of plaintiffs for the land against Scheller, and awarded Scheller judgment over against Coale, his warrantor. The Court of Civil Appeals of the Ninth District affirmed that judgment (215 S. W. 353).

As we have stated in the opening paragraph of this opinion, the single and concrete question to be determined is: Did the labor pass by the deed from Walton to Hitchcock? If it did, then defendants in error were and are entitled to the judgment recovered, and the affirmance of that judgment was correct. If the title to the labor did not pass by the deed from Walton to Hitchcock, the judgment recovered and affirmed was erroneous.

We have examined every case cited by both parties and have found no material conflict of authorities. The counsel do not materially disagree as to the rules of law, but differ as to their application to the facts.

[1-4] That in the construction of written instruments the cardinal rule to be followed is to arrive at the intention of the parties and that all parts of a deed shall be given effect if possible, and where there is a particular description followed by general description the latter shall yield, though where it is possible the real intent must be gathered from the whole description, including the general, as well as the special, and that all instruments in a chain of title when referred to in a deed will be read into it, are all rules of law so familiar that citation of authorities is unnecessary.

[5] It is equally well settled that, where the description in a deed is plain, clear, and unambiguous, parol evidence is inadmissible to show that it was intended by the parties to convey land not described in the deed.

In Davis v. George, 104 Tex. 108, 134 S. W. 326, 328, appellees contended that they were entitled to introduce parol proof to show that, where a deed called to begin at the northeast corner of a certain tract, the grantor meant the southeast corner. If their contention had prevailed, 10 acres on the south instead of 10 acres on the north would have been held to pass by the deed.

Answering a certified question, Justice Williams said:

"Parol evidence, whether brought by parties or strangers, cannot make it [a deed] convey land which it does not purport to convey, nor prevent it from conveying that which it clearly purports to convey."

"It is too well settled to admit of doubt that such a deed cannot be collaterally attacked by the parties to it, or their privies, by evidence tending to show an intention different from that which its language unmistakably expresses. * * * If it were admitted that Grimwell intended to convey the lower 10 acres, * * * that intention could not effect such conveyance nor prevent the deed, unless corrected in some proper way, from standing as the legal conveyance of the land described in it. A contrary decision would virtually repeal the statutes regulating the conveyance of lands."

The following earlier cases were followed in Davis v. George: Farley v. Deslonde, 69 Tex. 461, 6 S. W. 786; Watts v. Howard, 77 Tex. 88, 13 S. W. 966—and the holding in Davis v. George has never been departed from, but is cited as controlling authority in the case of Browne v. Gorman, 208 S. W. 387, in which case writ of error was denied.

[6] In that case it was held that, where the grantor owned survey No. 425, but described by his deed adjoining survey No. 426 located by virtue of the same certificate,

which latter survey he did not own, parol testimony was inadmissible to show that No. 425 was meant to be conveyed.

It is manifest that both the league and labor passed by all the conveyances down to and including the last made to John H. Walton; and it is equally as clear that Walton conveyed only a league of land, the said land being the same league, etc.

It will be observed that the land is not referred to as the "Castillo survey" or the "Castillo league," nor does the deed purport to convey all the land owned by him in Liberty county, or all the land described in the deeds from Castillo to Allen, or all the land described in the subsequent deeds, but the description is limited to a league that was granted to Castillo, etc. As was said in Schaffer v. Heidenheimer, 43 Tex. Civ. App. 366, 96 S. W. 61, in which appellants made practically the same contention as defendants in error make here, "It was the same land, but not all of it."

The only language in the deed from Walton to Hitchcock by which any particular land can be identified as the subject of the conveyance is that which describes the land conveyed as a league of land in Liberty county, being the league granted by Coahuila and Texas to Salvador Castillo, with additional reference to previous deeds by which it had been conveyed.

This being true, that deed could not be interpreted as conveying land other than the league referred to. There is no ambiguity in the deed itself, nor does any ambiguity arise when the deed is applied to the subject-matter of the conveyance. There is, therefore, no room for construction or for the admission of explanatory parol testimony.

The fact that the grantee of Walton afterwards conveyed more land than he acquired under the deed from his grantor could not have the effect of divesting out of the latter title to land which he had not conveyed.

Much stress is laid by defendants in error on the reference back for description. When we go back, as we must, to the original grant, we find the labor first specifically described as "a labor" and find next, in like manner, the "league" described.

In Powers v. Minor, 87 Tex. 83, 26 S. W. 1071, it was said concerning the terms "headright" and "bounty" "the difference is well understood in this state," so we can say here that the term "league" and the term "labor" are well understood in Texas, and when conveyance of a "league" in clear unambiguous terms is made by careful description, limiting the conveyance to a "league," the instrument cannot be held to convey a separately surveyed and described labor. When the description was of a league conveyed by certain preceding deeds, the description of the "league" as found in the grant was read into the deed from Walton

to Hitchcock, and the general reference back to preceding conveyances did not extend the effect of the deed beyond the limits of the "league." The reference back must be held to apply to the "league" as described in the original grant.

In the case of Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003, there was a particular description by metes and bounds, followed by a general description, "being all of said survey except 140 acres," etc. Appellant claimed that his grantor received title to the strip of land in controversy under the general description, and the extent of the land conveyed was not limited by the particular description, but his contention was overruled. It is said in the opinion:

"Where a grantor conveys specially by metes and bounds, so there can be no controversy about what land is included and really conveyed, a general description as of all of a certain tract conveyed to him by another person, or, as in this case, all of a survey except a tract belonging to another person, cannot control, for there is a specific and particular description about which there can be no mistake and no necessity for invoking the aid of the general description. * * *

"A general description may be looked to in aid of a particular description that is defective or doubtful, but not to * * * override a particular description about which there can be no doubt. There can be no doubt what land was conveyed, whatever he may have intended to convey." 81 Tex. 264, 16 S. W. 1005.

All the authorities, both from text-books and from the Texas Reports, cited by counsel for defendants in error, are applicable to cases where it is permissible to prove intention of parties in making a deed. Necessity for such proof exists only where the terms of the deed are not clear, and proof outside the deed is therefore necessary to identify the subject of the conveyance. They have no application where the deed is clear and unambiguous in its terms, as is the deed under consideration in the instant case.

It is earnestly contended that the intention of Walton and the belief of Hitchcock is shown by the fact that Walton never after he made the deed asserted any right to the land, and that Hitchcock conveyed the league and labor, which shows that they interpreted the instrument as conveying the labor, and much stress is laid on the fact that defendants in error were in possession of all the original title papers.

Undoubtedly those facts are very persuasive in indicating Walton's intention, and the belief of Hitchcock and Groesbeck, but neither the intention of the one nor the belief of the others can change the legal meaning of plain language, or be perpetuated as notice by record.

It is said in Farley v. Deslonde, supra, that the vendees in the chain of deeds in the absence of any knowledge of mistake in

description, if there was any, had the right to rely on the description contained in the deeds through which they claimed. So it can be said here that those claiming under the Walton heirs relied upon the advice of competent counsel as to the meaning and effect of the deed from Walton to Hitchcock, and neither the intention of Walton nor the belief of Hitchcock can change its meaning or effect. What Walton did, not what he intended to do, must control the situation. If this were not true, the effect would be, as Justice Williams says in Davis v. George, supra, "to virtually repeal the statutes regulating the conveyance of lands."

The following further language quoted from the opinion in the same case is most apposite in this connection:

"If the agreement between Grimmell and Kinkler, of their intention, as a mere fact, apart from the question as to the legal effect of the deed, were important to any inquiry in the case, the deed would not be the exclusive evidence of such agreement or intention; but when the question is, what land did the deed convey? its legal effect between the parties is the very test invoked, and it must therefore answer the inquiry by its own terms, since no land was conveyed except by it, and it conveys no land except that which by its terms it undertook to convey."

In Yarbrough v. Clarkson, 155 S. W. 955, it is said:

"The description in the deed being definite and certain, it was not permissible to show by parol that other land than that described was intended to be conveyed. Davis v. George [supra]. It is only in a suit to correct a deed on the ground of fraud or mutual mistake that its terms can be varied or contradicted by parol evidence."

It appears to us to be very significant that, though every conveyance in the chain of title down to Walton specified distinctly a "league and labor," yet he not only in clear unambiguous language specified a league of land, but added "the said league of land being the same," etc.

It is also significant that, while every instrument in the chain of title down to the deed from Hitchcock to Groesbeck was recorded in Jasper county in November, 1856, that deed was not filed for record in Liberty county until January, 1877, though the labor lies in that county.

In Culler v. Platt, supra, it is said:

"Purinton did not convey the land to Collins, and consequently the latter did not convey it to * * * Cullers" (appellant).

So in this case it must be said that Walton never conveyed the labor to Hitchcock; therefore Hitchcock could not have conveyed it, and did not convey it to Groesbeck. This being true, defendants in error had no title to it.

We therefore recommend that the judgment of the district court and Court of Civil Appeals be reversed, and judgment be here rendered for plaintiffs in error.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⬅⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes