**MORGAN v. MACE et al. (No. 2870.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 19, 1924. Rehearing Denied March 6, 1924.)

Evidence ☞461(3)—Aliunde evidence held inadmissible to show intention to convey less than was described in deed.

Where deed described property conveyed as lot 6 in block 2 in G.'s addition, no doubt arising as to the identity of property either from the description or when description was applied to the ground, testimony aliunde the deed to show intention to convey less was inadmissible.

Error from District Court, Bowie County; Hugh Carney, Judge.

Suit by Mrs. Ollie Morgan against John Mace and others. Judgment for defendants, and plaintiff brings error. Reversed and rendered in part and remanded in part, with instructions.

By his deed dated June 13, 1901, A. L. Ghio conveyed "lots 6, 7 and 8, in Block No. 2 of the Ghio addition to the city of Texarkana" to one Joseph Goldoni. The lots were 50x140 feet in size. They fronted north on Seventh street in said addition. No. 8 was a corner lot. ' It was west of and adjoining No. 7, which was west of and adjoining No. 6. Goldoni, by his deed dated August 20, 1919, conveyed lot 6 to P. D. Sanders, who by his deed dated September 29, 1920, conveyed same to plaintiff in error. Goldoni, by deeds dated March 8, 1920, conveyed the north one-half of lots 7 and 8 to defendant in error Ernestine Mace, and the south one-half thereof to B. H. Kuhl, who, at a time not shown in the record, conveyed same to defendant in error J. P. Chenault. While Goldoni owned the three lots he constructed a dwelling house on No. 6, one on the north one-half of Nos. 7 and 8, and one on the south one-half thereof, and so arranged the fences that part of a strip off of the west side of lot 6, 7 feet wide at its north end and 5 feet wide at its south end', was inclosed with said north one-half

of lots 7 and 8, and the other part thereof was inclosed with the south one-half thereof. Defendant in error Mace claimed to own the part of said strip inclosed with the north half of lots 7 and 8, and defendant in error Chenault claimed to own the part inclosed with the south half of said lots 7 and 8. Plaintiff in error claimed to own all of the strip, and by this suit, which she commenced and prosecuted against the other parties, sought to establish and enforce her claim. The trial was by the court without a jury. It resulted in a judgment denying plaintiff in error relief and determining that defendants in error each, respectively, were entitled to the part of the strip inclosed as stated with the part he or she owned of lots 7 and 8.

Graham, Williams & Taylor, of Texarkana, for plaintiff in error.

Wheeler & Robison, of Texarkana, for defendants in error.

WILLSON, C. J. (after stating the facts as above). The theory upon which defendants in error think the judgment was warranted seems to be that there was testimony authorizing findings that Goldoni intended to sell and Sanders to buy only that part of lot 6 inclosed as stated above, and that Sanders intended to sell and plaintiff in error to buy only that part. It is true that testimony tending to show Goldoni's intention to have been as claimed was before the court, but we think it was erroneously admitted, and that the court should not have considered it in determining the rights of the parties. In the deeds from Goldoni to Sanders and from Sanders to plaintiff in error the property conveyed was described as "lot (quoting) 6, in block 2, Ghio's addition to the city of Texarkana." No doubt as to the identity of the property intended to be conveyed arose from that description, and no doubt as to its identity arose when the description was applied to the ground. It was lot 6—all of it. Therefore testimony aliunde the deeds to show the intention to have been to convey less than all of the lot was inadmissible. Davis v. George, 104 Tex. 106, 134 S. W. 326. In the case cited the court said:

"When the question is, What land did the deed convey? its legal effect between the parties is the very test invoked, and it must, therefore, answer the inquiry by its own terms, since no land was conveyed except by it and it conveys no land except that which by its terms it undertook to convey. Parol evidence, whether brought by parties or strangers, cannot make it convey land which it does not purport to convey nor prevent it from conveying that which it does clearly purport to convey."

We think, therefore, it must be said that it conclusively appeared from the testimony the trial court had a right to consider that plaintiff in error owned all of lot 6; and we think it also conclusively appeared that the strip of land in controversy was a part of that lot. It follows, of course, that we think the court erred when he refused plaintiff in error relief she prayed for and awarded defendants in error a recovery of said strip.

We have examined Bell v. Wright, 94 Tex. 407, 60 S. W. 873, cited by defendants in error as a case supporting their contention to the contrary of the conclusion reached by us. As we understand it that case was unlike this one, in that, when an attempt was made to apply the description in the deed to the ground, there was doubt as to whether calls in the deed for streets specified were intended to be for the boundaries of the streets according to a technical survey thereof or for their boundaries as indicated by fences constructed and for many years maintained thereon by owners of lots abutting on the streets. In answering the question certified to them in that case the Supreme Court, after saying they did not regard the description in the deed in question there "as presenting conflicting calls" or any "uncertainty whatever," continued:

"The doubt as to the location of the property conveyed by it arises in the attempt to apply the descriptive particulars to the ground. When it is sought to locate the land conveyed, it is found that the lines of the lots and streets, as indicated by fences, etc., upon the ground, differ from those imaginary ones fixed when the lots and streets were first laid out. The deed simply names the numbers of the lots and the streets, without mentioning either the fences and other objects on the ground, or the original survey, to determine their location; and the question at once arises, Did the parties refer to the lots and streets as indicated by the former or the latter? The ambiguity thus disclosed is of that kind 'which extraneous evidence develops, and which extraneous evidence must therefore solve.' Linney v. Wood, 66 Tex. 27, 17 S. W. 244. All of the description may be applied to either set of lines, as regard for the intention of the parties * * * may require. The question is, What land did the parties mean to identify by the description given? It being such as would include the land intended, when the intent is ascertained. The numbers given to the lots in the deeds should therefore be held to include the land embraced in the lots as known to the parties by those numbers, if their contract was made with reference to them; there being nothing in the language of the instrument to forbid this application of it."

The judgment will be reversed; and judgment would be rendered here in plaintiff in error's favor but for the fact that we think defendants in error are entitled to have the court below determine the issue made by their claim that they had in good faith made improvements on the part of lot 6 in controversy, for which they were entitled to be paid. Therefore the cause will, instead, be remanded to said court with instructions to award plaintiff in error a recovery of the strip of land in dispute in the judgment he renders after determining the rights of the

parties with reference to said claim for improvements.

### On Motion for Rehearing.

Plaintiff in error, calling attention to the fact that the answer of defendant in error Chenault consisted only of a general denial and a plea of not guilty, and contained no suggestion that he had in good faith made improvements on the land, insists that this court, when it reversed the judgment of the court below, should have rendered judgment in her favor against said Chenault for the land ·in controversy.. We agree this should have been done, and therefore the judgment of this court of February 7, 1924, will be so reformed as to adjudge a recovery by the plaintiff in error against the defendant in error Chenault of the land in controversy, and as to remand the cause to the court below with instructions to award plaintiff in error a recovery of that land as against defendants in error John Mace and Ernestine Mace, after determining their rights with reference to their claim for improvements.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes