## LAWRIE v. MILLER.

### No. 1494—5772.

Commission of Appeals of Texas, Section A.

Jan. 6, 1932.

Futch & Cooper, of Henderson, and King, Mahaffey, Wheeler & Bryson and E. Newt Spivey, all of Texarkana, for plaintiff in error.

Charles L. Brachfield and R. T. Jones, both of Henderson, for defendant in error.

HARVEY, P. J.

This suit was brought in the district court of Rusk county by the plaintiff in error, Alexander B. Lawrie, against Mrs. Lola Miller, the defendant in error, to establish a debt of Mrs. E. C. Shaw, now deceased, and to foreclose a mortgage on a certain tract of land belonging to the estate of Mrs. Shaw, situated in Rusk county. Mrs. Miller is the sole heir at law of Mrs. Shaw, and is sued as such. The debt is evidenced by promissory notes, which, together with the mortgage, were executed for and in the name of Mrs. Shaw. during her lifetime, by A. P. Miller as her at-

torney in fact. The said notes were given for money borrowed by A. P. Miller, in the name of Mrs. Shaw. The power of attorney under which Miller acted in borrowing said money and in executing said notes and mortgage reads as follows:

"The State of Texas, County of Rusk,

"Know All Men By These Presents:

"That Mrs. E. C. Shaw, of Tatum, County of Rusk and State of Texas, has this day made, constituted and appointed and by these presents does make, constitute and appoint A. P. Miller, of Tatum, in the County of Rusk and State of Texas, my true and lawful attorney for and in my name, place and stead, to transact any and all of my legal business (sign checks, notes, and settle my personal accounts of whatsoever nature), buy and sell land in and for my name, create loans again any personal or real estate that I may have in my name, buy and sell cattle in and for my name, hereby giving and granting to said attorney my full power and authority to do and perform any and all acts and things whatsoever requisite and necessary to be done in and about the premises, as fully to all intents and purposes as I might or could do, if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney or substitute shall lawfully do in the premises by virtue hereof.

"In testimony whereof I have hereunto set my hand and seal, at Tatum, this 19th day of April, A. D. 1920.

"Mrs. E. C. Shaw."

As to the above power of attorney, the defendant in error pleaded non est factum; and at the trial the evidence was conflicting as to the fact of Mrs. Shaw having executed the instrument. The jury, however, found the instrument to be genuine. The trial court rendered judgment in favor of the plaintiff in error, establishing the amount of the debt and foreclosing the mortgage lien. No personal liability was adjudged against the defendant in error.

The Court of Civil Appeals construed the above power of attorney as not embracing within its terms the power, on the part of A. P. Miller, to execute for Mrs. Shaw the mortgage in controversy; and having so construed said instrument, that court reversed the judgment of the trial court, and rendered judgment for the defendant in error, without passing on other questions properly raised in said court by the defendant in error. 25 S.W.(2d) 984.

■ In our opinion, the Court of Civil Appeals misconstrued the terms of said power of attorney. The law presumes that Mrs. Shaw intended the clause "create loans again my personal and real estate that I have in my name" to mean something. In ascertaining her intent in this respect, it is proper to construe said clause, as a whole, in the light of all other provisions contained in the instrument, and to construe each word of the clause in the light of the context. When the clause is so construed, it appears with reasonable certainty that Mrs. Shaw meant thereby to empower Miller to borrow money in her name, and to mortgage her property to secure the debts thus created. The word "again," in the connection which it is used, would render the clause meaningless, if the word, as written, were given its literal meaning. The context, however, leaves no doubt that the word as written was intended by the grantor to bear the meaning of the word "against." This being so, courts will disregard the incorrect spelling, and ascribe to the word the meaning which it evidently was intended to convey. The word "loans," in the connection which it is used, plainly appears to have been used in the colloquial sense of debts arising from the borrowing of money. It is a commonly known fact that, in ordinary parlance, the word "loans" is frequently used in that sense. No one can doubt that, if the word, in the connection which it is used in the instrument, were intended to mean what the dictionaries say it means, then the clause under consideration becomes but a senseless group of words. This absurdity will not be imputed to Mrs. Shaw, since the clause, as we have pointed out, is susceptible of a rational meaning. We fully recognize the rule that powers granted by an instrument of this sort are to be measured strictly by the terms of the instrument, and the necessary implications arising therefrom; but that rule does not preclude the courts from ascertaining in a proper way what the language employed was meant to accomplish. Texas Loan Agency v. Miller, 94 Tex. 464, 61 S. W. 477; 49 C. J. p. 1260, § 34. It is also the undoubted rule, as counsel contends, that, where words contained in the instrument are ambiguous, an inquiry as to the intent of the grantor becomes a mixed question of law and fact. On the other hand, however, the inquiry becomes purely a law question if the words are unambiguous, in the connection which they are used—that is to say, are susceptible of but one meaning—and that meaning is ascertainable from the terms of the instrument, without the aid of extraneous testimony, as is the case here. Soell v. Hadden, 85 Tex. 182, 19 S. W. 1087; Farley v. Deslonde, 69 Tex. 458, 6 S. W. 786; Cobb-Holman Lumber Co. v. Liechty (Tex. Com. App.) 41 S.W.(2d) 18.

■ One of the complaints of the defendant in error which the Court of Civil Appeals did not pass on relates to the exclusion, by the trial court, of certain testimony of the witness Flannigan. The proposed testimony of this witness is to the effect that a short time after the date of this power of attorney Mrs. Shaw told this witness that she had not ex-

ecuted any power of attorney to A. P. Miller. This testimony plainly is hearsay, and the declaration of Mrs. Shaw, which was proposed to be proved thereby, was self-serving. The testimony was properly excluded.

■ It is further contended by the defendant in error that the trial court is not shown by evidence to have had jurisdiction of this case. This contention is sustained. It is well settled that, subject to certain exceptions, the county court has exclusive jurisdiction in matters relating to the settlement of estates of· deceased persons. The subject-matter of this suit ordinarily would fall within the scope of the county court's jurisdiction. The trial court, therefore, could not proceed to judgment in the case, unless the exceptional facts, upon which its exercise of jurisdiction depended were shown by both pleading and proof. Green v. Rugely, 23 Tex. 539; Patterson v. Allen, 50 Tex. 23; Webster v. Willis, 56 Tex. 473; Low v. Felton, 84 Tex. 378, 19 S. W. 693; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002. As showing such exceptional facts, the plaintiff in error, in his second amended original petition, filed on July 12, 1929—the day the trial began—alleged that there was no administration on the estate of Mrs. Shaw, and no necessity therefor. But no evidence was introduced to support these allegations. No state of facts was shown from which an inference could be properly drawn that no administration was pending at the time of the trial.

The fact was proved that Mrs. Shaw died intestate in November, 1921. It is thus made to appear that, at the time of trial, about seven and a half years had elapsed since Mrs. Shaw died. Standing alone, the fact that this period of time had elapsed does not exclude the probability that an administration had been opened in due time, and was pending at the time this case was tried. Under the statutes, an administration could have been regularly opened at any time within four years after Mrs. Shaw died. It seems, too, that, even after four years had elapsed, an administration could have been regularly opened if same were necessary "to receive or recover funds or other property due the estate of the decedent." R. S. art. 3325, as amended by Acts '1929, c. 132, § 1 (Vernon's Ann. Civ. St. art. 3325).

■ Furthermore, the facts now to be pointed out fail to prove that no administration was pending. In the year 1926, one J. L. Dodson filed in this suit his petition in intervention, which was subsequently withdrawn by him. In that petition he alleged that there was no administration of Mrs. Shaw's estate, and no necessity therefor. At the trial, the defendant in error introduced said document in evidence without any reservation as to purpose. The plaintiff in error contends that this constitutes legal evidence of the fact that no administration was pending

when such petition in intervention was filed in 1926, and that the presumption obtains that conditions remained unchanged thereafter. The ex parte declarations of Dodson, contained in his said petition, cannot be raised to the dignity of evidence by the mere action of the defendant in error in introducing them. This would be true, even if the latter had taken the witness stand and testified to the fact that Dodson made such declarations. The declarations are purely hearsay, and do not constitute legally competent evidence of the facts declared. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J.

Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.