**CONNOR et al. v. BROWN et al.**

No. 6485.

Court of Civil Appeals of Texas.
Texarkana.

Dec. 15, 1949.

Rehearing Denied Jan. 12, 1950.

C. C. Renfro, Dallas, Cornelius & Cornelius, Jefferson, for appellants.

S. I. Cornett, Linden, Mahlon Walters, Jefferson, J. M. Singleton, Jefferson, for appellees.

HALL, Chief Justice.

The parties to this litigation occupy the same position here as in the trial court and they will be referred to as in that court. Plaintiffs instituted this suit against defendants in trespass to try title to 50 acres of the Ennis Ury Survey of land in Marion County, Texas. In the second count they alleged common source of title in Brown Lumber Company and specifically plead their title, setting up the deeds under which they claim. Defendants' answer consists of numerous exceptions to plaintiffs' petition, general denial and plea of not guilty. Mrs. Inez Oliver and D. B. Oliver, defendants in the suit, but treated

herein as intervenors, set up that they had leased with warranty of title the 50 acres tract of land in controversy for oil and gas purposes from the defendant Scott, independent executor of Mrs. Daisy Brown, deceased; that they were innocent purchasers of said lease for value without notice of plaintiffs' claim. By cross action intervenors sought as damages the amount of money paid by them to defendants for said oil and gas lease and to keep it in force, alleging that they had been unable to dispose of the lease or to develop same for oil and gas on account of the claim thereto asserted by plaintiffs. They also sought exemplary damages in the sum of $3,000. In the alternative intervenors asked that their oil and gas lease which had been allowed to expire, an account of plaintiffs' claim, be reinstated and given full force and effect. Trial was to a jury but at the conclusion of the testimony the jury was instructed to return a verdict for defendants, and judgment was entered accordingly.

The facts show that the Ennis Ury Survey containing about 1515 acres, was at an early date, divided into thirty blocks numbered from 1 to 30 inclusive, containing approximately 50 acres each. On June 20, 1916, the Brown Lumber Company conveyed to the First National Bank of Taylor, Texas, the Ennis Ury Survey except eleven fifty-acre blocks theretofore sold to parties named. None of the eleven blocks excepted were referred to by number. This deed evidently included block No. 30, as it was not specifically excepted from the grant. September 19, 1919, the First National Bank of Taylor quitclaimed to G. W. Brown its interest in the whole of the tract of land but excepted from said deed twelve numbered blocks, among which was block No. 30. September 22, 1919, G. W. Brown and wife, Daisy Brown, conveyed to W. F. Hull the whole of the tract of land embraced within the thirty blocks, save and except twelve blocks among which was block No. 30. November 26, 1923, Mrs. J. Ora Hull, as surviving widow of W. F. Hull, deceased, conveyed to M. C. Hull said thirty blocks of land, save and except twelve blocks among which was

block No. 30. December 5, 1923, M. C. Hull and wife, conveyed to J. H. Etheridge and C. M. Reid the same thirty blocks of land, save and except twelve blocks among which was block No. 30.

January 4, 1924, C. M. Reid and wife and J. H. Etheridge conveyed to Mary L. Manning the same thirty blocks of land, save and except twelve blocks among which was block No. 30. September 24, 1926, Mary L. Manning conveyed to C. M. Reid the same thirty blocks of land, save and except twelve blocks among which was block No. 30. April 29, 1927, C. M. Reid and wife executed a deed of trust to J. M. Curry, Trustee, for the benefit of Connor Brothers, a partnership composed of W. T. Connor, Jr., O. W. Connor and M. A. Connor, on the same thirty blocks of land, save and except twelve blocks among which was block No. 30. June 5, 1934, J. M. Curry, acting under authority contained in said deed of trust, conveyed the same thirty blocks of land to Connor Brothers, save and except twelve blocks among those excepted being block No. 30. August 3, 1936, the First-Taylor National Bank, successor to the First National Bank of Taylor, quitclaimed to F. M. Scott, independent executor of the estate of Mrs. Daisy Brown, deceased, all of its right, title and interest in and to said block No. 30 of the Ennis Ury Survey. September 17, 1937, the surviving heirs of W. F. Hull and J. Ora Hull, deceased, quitclaimed to plaintiffs (the Connors) all their right, title and interest in and to said thirty blocks of land, save and except twelve blocks. Block No. 30 was not excepted in this deed.

By point one the plaintiffs assert that the trial court erred "in excluding the deed showing block 21 and not block 30 was sold to Stevens (as shown in some of the early transfers set out above), and the other explanatory evidence offered to show the intention of the parties as to what land was excepted from the deed of the Browns to W. F. Hull." Defendants' exceptions to the plaintiffs' petition were grounded on the proposition that there being no allegations in plaintiffs' petition seeking a reformation for mutual mistake by the parties to the deeds under which plaintiffs held

title, and said deeds being clear and unambiguous, showing clearly the exception of block No. 30 from the grant in each of them, extraneous evidence was not admissible to change or alter said deeds. It was plaintiffs' contention in the court below, and it is here, that they were not required to allege a mutual mistake of the parties to the deeds under which they held, but could show from the evidence offered that the parties to the deeds never intended to exclude from the grant block No. 30. The record shows that in the deed from Brown Lumber Company to the First National Bank, Taylor, Texas, the entire Ennis Ury Survey passed save and except the following tracts out of said survey, to-wit: "Jack Stevens 50 acres, Dave Rabb 50 acres, Rube Robison 50 acres, George Saddler 50 acres, W. H. Dorgan 50 acres, Ed Dorgan 50 acres, Dock Loke 50 acres, Ed Dorgan 50 acres, Sam Spoon 50 acres, J. S. Dugan 50 acres, Jerry Nash 50 acres," (eleven 50 acre blocks), leaving 965 acres conveyed by said deed. In the deed from the First National Bank of Taylor dated September 19, 1919, to G. W. Brown the whole Ennis Ury Survey is conveyed, save and except twelve numbered blocks, including block No. 30, as being excepted from the grant and leaving 915.68 that passed by said grant. Thus it will be noted that the bank conveyed back to Brown 50 acres less than Brown had theretofore conveyed to it. It will also be noted that the deed from the bank to F. M. Scott, independent executor of Mrs. Daisy Brown's estate, conveyed its interest in block No. 30. Shortly after the execution of the deed from the bank to F. M. Scott this suit was filed. In the deed from G. W. Brown and wife to W. F. Hull the entire Ennis Ury Survey is conveyed except twelve numbered blocks, including No. 30. In this deed the names of the grantees to said blocks are set out and Jack Stevens is noted as the grantee of block No. 30. Only 915.68 acres passed by this grant. In all subsequent deeds in the chain of title down to plaintiffs the blocks excepted are numbered and the grantee in each is not given but block No. 30 is excepted from each and every transfer, even the transfer

from the trustee Curry in the deed of trust to plaintiffs.

■ Plaintiffs rely on the proposition of law that if the excepted portion of land in a deed is insufficiently described the deed will be operative to convey the entire estate including that portion attempted to be excepted. Defendants stand upon the proposition of law that to correct a deed unambiguous on its face and make it convey more or less than its terms call for, the moving parties must plead and prove a mutual mistake of the parties to said deed. Both of these rules of law stand upon a firm basis in the jurisprudence of this state. In all conveyances the intention of the parties to a deed must be ascertained, if possible from the deed itself. If a deed describing the whole estate attempts to except from the grant certain parcels and these parcels are incorrectly described then the grant covers and conveys the exception also. That was definitely held by this court in Brittain et al. v. Dickson et al., Tex.Civ.App., 60 S.W.2d 1093, writ refused. Plaintiffs assert that that case is determinative of the case here. In the Brittain case the facts show that Brittain owned 88.5 acres of the Wm. McCurry Survey in Gregg County. In 1923, he and his wife conveyed 47 acres of land described by metes and bounds and designated it a part of the Outlaw Survey in Gregg County to J. M. Dickson. Later Brittain and wife conveyed to J. M. Dickson "all that certain tract or parcel of land situated in Gregg County, Texas, a part of the Wm. McCurry Headright Survey," and described by metes and bounds the 88.5 acres purchased by them from Hughey in 1913. At the conclusion of this last deed is this exception "save and except 47 acres of land out of said tract of 88.5 acres of land sold to J. M. Dickson by William Brittain and wife Adelaide Brittain, which is fully described in deed records in Vol. 56, pages 309–10, Deed Records of Gregg County, Texas, *to which reference is here made for full and complete description of said 47 acres of land."* (Italics ours.) The exception in the latter deed is for 47 acres, a part of the Wm. McCurry Headright Survey, theretofore sold to Dickson

and reference is given to the deed records of Gregg County, Texas, for a complete description of the excepted land. Under a well recognized rule of law reference in a conveyance to another recorded deed constitutes such deed a part of the conveyance. Scheller v. Groesbeck et al., Tex. Com.App., 231 S.W. 1092. When the first deed to Dickson is referred to it will be noted that the land is there described as a part of the Outlaw survey whereas the exception in the latter deed states that the land is a part of the Wm. McCurry Headright Survey, thus it is clear, as held by the late Judge Levy of this court, that the exception must fail because it is insufficiently described. The excepted portion is not the land conveyed in the former deed. So it was held in that case the exception having failed for want of description, the description first set out in the deed would control and the entire estate would pass. In the case at bar we have no such situation. The excepted block No. 30 is clear and concise and refers to a plat of the Ury Survey recorded in the deed records of Marion County, nearly sixty years ago, and block No. 30 is designated upon said map as one of the thirty blocks into which the Ury Survey was divided. So the admission of extraneous testimony to show that block No. 30 was not excepted from the grant would create an ambiguity rather than clear up one, and this should never be permitted.

■ In the case of Davis et al. v. George et al., 104 Tex. 106, 134 S.W. 326, 328, by Supreme Court, it is said: " * * * It is too well settled to admit of doubt that such a deed cannot be collaterally attacked by the parties to it or their privies, by evidence tending to show an intention different from that which its language unmistakably expresses. * * * when the question is, what land did the deed convey, its legal effect between the parties is the very best invoked, and it must, therefore, answer the inquiry by its own terms, since no land was conveyed except by it, and it conveys no land except that which by its terms it undertook to convey. Parol evidence, whether brought by parties or strangers, cannot make it convey land which it. does not purport to convey nor prevent it from conveying that which it does clearly purport to convey. * * * If it were admitted that Grimmell intended to convey the lower 10 acres as contended by appellees, that intention could not effect such conveyance nor prevent the deed, unless corrected in some proper way, from standing as the legal conveyance of the land described in it. A contrary decision would virtually repeal the statutes regulating the conveyance of lands." To the same effect are Browne v. Gorman, 208 S.W. 385, by this court, writ refused; Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665; Watts v. Howard, 77 Tex. 71, 13 S.W. 966; Coffee et al. v. Manley et al., Tex.Civ.App., 166 S.W.2d 377, writ refused; Scheller v. Groesbeck, supra. Many more cases might be cited upholding this principle of law, but we deem it unnecessary to do so. The title to block No. 30 is not in appellants for two reasons: (a) It was specifically excepted from every deed in their chain of title except the quitclaim deed from the Hull heirs; and (b) Block No. 30 having been conveyed by Brown to the Taylor Bank and by said bank to F. M. Scott, independent executor of Mrs. Daisy Brown, mother of appellees, title therein vested in appellees. We have carefully examined all authorities cited by appellants. They set forth correct propositions of law, but in our opinion they are neither applicable nor controlling here.

■ Intervenors' action for damages against defendants is in our opinion without merit. From what we have said above the title to intervenors' leasehold estate in Block No. 30 did not fail for the reason their lessors' title is superior to any claim of appellants. In such circumstances they would not be entitled to recover the moneys paid out by them for said oil and gas lease under the general warranty of title of defendants. See Graebner et al. v. Limburger's Executors, Tex.Com.App., 293 S. W. 1100; Felts v. Whitaker, Tex.Civ.App., 129 S.W.2d 682, affirmed by 137 Tex. 578, 155 S.W.2d 604; Schneider v. Lipscomb County N. F. L. Ass'n, 146 Tex. 66, 202 S.W.2d 832, 172 A.L.R. 1, and authorities there cited.

We have carefully examined all other points brought forth by plaintiffs and intervenors and have concluded that they are without merit and they are respectfully overruled.

The judgment of the trial court is affirmed.