ST. LOUIS, SAN FRANCISCO & TEXAS RAILWAY COMPANY v.
S. M. PAYNE.

Decided June 29, 1907.

**1.—Deed—Boundaries—Ambiguity—Testimony.**

When, in the description contained in a deed, there is ambiguity as to the boundaries, parol evidence is admissible as to the declarations of the grantor at the time of purchase as to the boundaries of the land conveyed, and the true position of the boundaries becomes a question of fact for the jury.

**2.—Market Value—Testimony.**

Although a witness may not be able to give the depreciation in the market value of certain property in dollars and cents, he may still testify as to the per cent of depreciation.

Appeal from the District Court of Hardeman County. Tried below before Hon. S. P. Huff.

*C. H. Yoakum* and *D. E. Decker,* for appellant.

*M. M. Hawkins,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellant's statement of the nature of the case appears to be correct and is as follows: "Appellee Payne sued the railway company, alleging that he was the owner of the fractional block of land in the town of Quanah, Hardeman County, Texas, and also of a block of land containing five or six acres, lying east of and adjoining the first mentioned tract; that he had fenced both of said tracts of land and had left a space between the two tracts for the public to be used as a road. That he had his residence upon the first tract and used the other tract as a pasture. That the defendant railway company during the year 1905 built and constructed a railroad from the town of Quanah, and from what is known as the Frisco Depot, between his two said blocks and along and over plaintiff's land without condemnation proceedings and without permission of plaintiff, and had constructed stock pens near the plaintiff's residence. That the railroad track so constructed was within a few feet of plaintiff's front door and is a great inconvenience to plaintiff by reason of the running and operating of trains over said railroad, and by reason of the dust, noise, noxious vapors and shriek-

ing of trains, thereby greatly depreciating the market value of said property above as to convenience and value as a home. That the stock pens, by reason of the noise and dust occasioned by the cattle and noxious vapors and stink arising from the said pens, creates a permanent nuisance to plaintiff's home and depreciates its market value for the uses and purposes heretofore enjoyed and intended to be enjoyed by the plaintiff, and asks for judgment for the value of the land taken and for the damage and depreciation in the market value of the home and land owned by plaintiff. The defendant answered, alleging that it had permit of the city council of the city of Quanah to construct and operate a line of railway in and along McClelland Avenue in said town, and that its track was constructed and operated in said avenue and that the tract of land between the two blocks of plaintiff was McClelland Avenue, and that long prior to the time that plaintiff acquired any right, title or interest in and to the property and premises one G. M. Dodge was the owner of all the land upon which the town of Quanah was afterwards constructed and that he platted said town and caused said plat to be recorded in the deed records of Hardeman County, together with a deed of dedication, and that in said dedication deed, among other things it provided that the right was reserved in said Dodge to grant to any railway or railway company, the right to construct railways over said McClelland Avenue, and that the plaintiff acquired his property with above constructive and actual notice of the reservation in said deed with regard to the building of a railroad. That before defendant constructed its line of railway on said McClelland Avenue, the said G. M. Dodge conveyed to it the reservation in said dedication deed contained and thereby authorized and granted to the defendant the right to construct and build a railway thereon." The trial resulted in a verdict and judgment in appellee's favor.

First, it is objected that the trial court erred in permitting appellee to testify that it was his understanding from the agent of Dodge at the time he bought his land that McClelland Avenue did not extend between his blocks, because the deed would constitute the best evidence of his boundaries. The deed was subsequently introduced, and while it called for McClelland Avenue on the west, it also referred to the amended map of Quanah, which did not show a street at such place. This we think at least was such ambiguity as to admit the evidence, and also to justify the submission to the jury as a question of fact whether or not McClelland Avenue stopped at the boundaries of appellee's lands, as to which appellant has also complained. If the construction of the deed from Dodge to appellee was for the court, as suggested by appellant, still the testimony of appellee and the verdict of the jury in his favor being in keeping with what we conceive to be the proper construction, that is, that McClelland Avenue did not traverse his land, there could have been no error in hearing the testimony.

Nor was there any error in permitting appellee to testify that the market value of his property had depreciated fifty percent by reason of the construction of appellant's road, although he was unable to state in dollars and cents the amount of that depreciation. Knowl-

edge of the one fact is not necessarily dependent upon a knowledge of the other.

Special charge six requested by appellant was not called for, since the court only authorized a recovery for damages incident to the construction of the road along the strip between appellee's blocks of land, and only then in the event the same was not a part of Mc-Clelland Avenue.

We find no error and order the judgment to be affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.