**CRABB et ux. v. TEXAS PACIFIC COAL & OIL CO. et al. (No. 9724.)***

(Court of Civil Appeals of Texas. Fort Worth. Jan. 28, 1922. Rehearing Denied March 4, 1922.)

1. **Evidence ⬅460(6)—Parol evidence is inadmissible to enlarge boundaries unless deed was ambiguous.**

In the absence of fraud, accident, or mistake, the description of the land contained in the deed, if unambiguous, is the sole evidence of the intention of the grantor and grantee, and parol evidence is not admissible to enlarge the boundaries as given in the deed.

2. **Boundaries ⬅3(5)—Calls in office description for course and distance from designated corner control.**

Where the description in a deed was apparently an office description so that the surveyor cannot be followed on the ground, and consisted only in calls for courses and distances from a designated corner which can be located, and there is no ambiguity in such calls, they are controlling.

3. **Evidence ⬅450(4)—Description and evidence held not to show ambiguity permitting parol evidence as to boundaries.**

Where an oil lease described the land by reference to the deed to grantor, where it was described by courses and distances from a designated corner, without calls for any other objects, evidence that in a deed to a preceding grantor there was a call for the same courses and distances, and also a call to the corner of another tract, with evidence by a surveyor that the calls in the deed did not reach to any such corner, and that he located at a greater distance what he always had assumed to be the corner called for, does not establish any ambiguity, either latent or patent, in the description incorporated in the lease by reference, so as to authorize parol evidence that the lessor intended to lease all of his land, which included that inclosed by the extended call.

4. **Mines and minerals ⬅58—Supplemental oil lease held not to enlarge original lease.**

Where the original oil lease did not include all of the lands owned by the lessor and intended to be covered by the lease, an instrument, subsequently executed by the lessors, reciting that it was the intention to include in the former lease all the land owned by the lessors, and that some question had arisen as to the boundaries, and agreeing that the previous lease was intended to cover all such boundaries, was insufficient to operate as a lease of the land not included in the description contained in the original lease, since it did not follow in terms or substance the requirements of Rev. St. art. 1107, for conveyances of the land.

5. **Mines and minerals ⬅58—Whether supplemental oil lease was procured by fraud held for the jury.**

In a suit to recover land not included in an original oil lease, where defendants relied on a supplemental instrument, the attack by plaintiffs on the instrument as having been procured fraudulently raised a question for the jury, so that it was error to give a peremptory instruction for defendants.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by W. W. Crabb and wife against the Texas Pacific Coal & Oil Company and another. Judgment for defendants on directed

verdict, and plaintiffs bring error. Reversed and remanded.

Templeton & Milam and D. G. Hunt, all of Eastland, for plaintiffs in error.

John Hancock and W. B. Powell, both of Fort Worth, and H. P. Brelsford, of Eastland, for defendants in error.

CONNER, C. J. This suit was instituted by plaintiffs in error, W. W. Crabb and wife, against the Texas Pacific Coal & Oil Company, formerly the Texas & Pacific Coal Company, and the Prairie Oil & Gas Company, to recover a parcel of land consisting of 12 acres out of the Mary Fury survey in Eastland county, and for specified damages. After the introduction of the evidence, the court peremptorily instructed the jury to return a verdict for the defendants. This was done, and the plaintiffs have duly prosecuted this writ of error.

We make the following plat of the several surveys entering into the consideration of the case, the particular 12 acres in controversy being that parcel of land located within the heavy black lines:

The plaintiffs in error offered in evidence a deed from W. T. Barker, joined by his wife and others, to W. W. Crabb, dated March 31, 1913, conveying lands described as follows:

"Beginning at the N. W. corner of a survey in the name of Henry Rogers from which a P. O. brs. S. 75' E. 21 vrs. P. O. brs. S. 73½ E. 27 vrs. thence east 638³/₁₀ vrs. to corner this tract. Thence north 1136 vrs. to corner this tract which is also the S. W. of the B. H. Epperson survey. Thence west 327½ vrs. to corner this tract. Thence south 636 vrs. to corner this tract. Thence west 310⁸/₁₀ vrs. to corner this tract. Thence south 500 vrs. to place of beginning. Containing 93½ acres of land more or less."

Plaintiffs in error further offered in evidence the oil and gas lease from W. W. Crabb and wife to the Texas Pacific Coal & Oil Company, under which defendants in error claim, dated March 13, 1917, describing the land leased to that company in the following terms, to wit:

"Ninety three (93) acres out of the Mary Fury, abstract No. 127, being the same land that I purchased from W. T. Barker, as per deed recorded in the Deed Records of Eastland County, Texas, to which deed and record thereof reference is here made for a more and full and complete description. Containing 93 acres, more or less."

The plaintiffs in error also introduced deed from W. T. Barker and wife to W. W. Crabb, dated July 16, 1919, conveying the specific 12 acres in controversy.

The two parcels described on the plat as 57.70 acres and as 36 acres were acquired by W. T. Barker from different persons and at different times, and it will be observed that if in determining the area of the 36-acre block course and distance alone be adopted the 12-acre block in controversy is not included within the boundaries as described in the deed from Barker to Crabb and hence not described in the mineral lease to the Texas Pacific Coal & Oil Company; the lease referring to the Barker deed for the description of the land so leased. In other words, as found by an actual survey, beginning at the northeast corner of the 36-acre block and going thence west 327½ varas, the northwest corner of the 36-acre block would be at the northeast corner of the 12-acre block, as shown in the plat.

However, the deed from Mrs. Tully Connellee and C. U. Connellee to W. T. Barker, conveying the 36-acre block, dated October 8, 1900, gives the call from the northeast corner of the 36-acre block as follows:

"Thence west 327½ vrs. to the S. E. corner of the eastern B. H. Epperson 160-acre survey."

And the defendants in error on cross-examination were permitted to prove by W. W. Crabb, over his objection, that at the time of his purchase from Barker the 12-acre block was included in the Barker farm and included within what he supposed he was buying and what Barker told him he was selling. It was further shown by a

surveyor who made an actual survey of the 57.70 acres and the 36-acre blocks that the two contained 93 acres when surveyed in accordance with the calls in the field notes, but that when he ran the line from the northeast corner of the 36-acre block to the distance called for in the field notes he found no corner, but that by extending that line 84½ varas he found a corner that he "understood" to be the southeast corner of the B. H. Epperson survey. The contention of plaintiffs in error is that parol evidence is not admissible to enlarge the area called for in the lease of defendants in error, and that the north line of the 36-acre block should not be extended, but should be made to stop at the distance called for, to wit, the point indicated on the map as the northeast corner of the 12-acre block; while the claim of the defendants in error is to the effect that the call in the deed from the Connellees to Barker for the southeast corner of the eastern B. H. Epperson survey creates a latent ambiguity which will authorize the introduction of parol testimony to show what was really intended to be conveyed by the Barker deed to W. W. Crabb. In this connection it should be further stated that at the time Crabb purchased from Barker both the 57 and the 36 acre blocks were inclosed with a continuous outside fence, there being a division fence only between the two blocks of the land; that such general inclosure included not only the 57 and 36 acre blocks but also the 12-acre block in controversy; that no marked lines existed, but the original northeast corner of the 57-acre tract, from which the eastern line of the 36-acre block was made to extend by its field notes, was found by the surveyor; no other established corners necessary to mention were found, unless it be said that the corner mentioned by the surveyor as at the northwest corner of the 12-acre block was in fact the southeast corner of the east B. H. Epperson survey as called for in the Connellee deed.

[1] Neither fraud, accident, nor mistake has been pleaded in this case, and we entirely agree with the proposition of plaintiffs in error that the language used by the parties and as contained in the deed describing the land sold, in the absence of ambiguity, is the sole evidence of the intention of the grantor and grantee, and parol evidence not admissible to enlarge the boundaries as given in the deed so as to include land which the description in the deed did not include. In the recent case of Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883, the rule relating to the subject is thus expressed:

"A contract which has been reduced to writing, and imports on its face a complete expression of the whole agreement, without any uncertainty or ambiguity as to the object and extent of the engagement, must be taken as expressing the final views of the parties, as well as the full consummation of their undertaking. Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681.

"In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, alter, or add to the terms of a written contract, clear in its terms, unless upon its face it in some manner rebuts the presumption that it is complete. This rule forbids the adding by parol where the writing is silent, as well as to vary where it speaks. Castro v. Illies, 13 Tex. 229; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610."

[2] The mineral lease to the Texas Pacific Coal & Oil Company, under which the defendants in error claim, is dependent for its description of the land thus acquired upon the deed from W. T. Barker to W. W. Crabb, dated April 17, 1913, the descriptive calls of which have been hereinbefore set out. It is not contended that those calls include the 12-acre parcel of land in controversy. There is no evidence which shows that an actual survey was made at the time of the execution of the mineral lease, or, indeed, at the time of the deed from Barker to Crabb. It seems evident that the mineral lease is an office written instrument, as in all probability was that of the deed from Barker to Crabb. Hence, there is no opportunity of following the actual footsteps of the surveyor. The evidence shows the southeast corner of the 36-acre tract to be an original corner, from thence the 36-acre parcel is described by calls for course and distance only, and calls for distance must therefore, we think, control and define the limits of the land acquired by the defendants in error by the mineral lease.

[3] It is true that ambiguities in a conveyance, either patent or latent, may be explained and made certain by extraneous and parol testimony; but it is certainly true that there is no ambiguity upon the face of the deed from Barker to Crabb, to which the mineral lease refers for its descriptive calls, and we do not think the introduction of the antecedent deed from the Connellees to Barker, calling for the southeast corner of the east B. H. Epperson survey, together with the testimony of the surveyor already mentioned, is sufficient to present any such ambiguity in the mineral lease as authorized the introduction of the parol evidence objected to. The field notes of the eastern B. H. Epperson survey were not introduced in evidence. We cannot say whether its southeast corner was marked with a stake or monument of any kind, or fixed by bearing trees found upon the ground, nor does the surveyor testify that the corner mentioned by him as found at the northwest corner of the 12-acre block was the corner of the east B. H. Epperson survey. At one place in his testimony he refers to this corner as

"a point that is accepted as one of the corners of the Mary Fury survey and was supposed to be a corner of the Epperson survey." At another place he says:

"At that point I found what I considered to be the corner. I had been to that corner before. That is the most western corner, and is the northwest corner of the 12 acres as shown in this plat. At that place I found a well-established corner. I had been there before. I knew generally that that was in fact a corner. That is also supposed to be one of the corners of the Epperson survey, I think. That is my understanding as a surveyor."

It is to be remembered that we are not called upon to determine what was intended to be conveyed by the deed from the Connellees to Barker, but only what was intended to be conveyed by the mineral lease. It may be that the Connellees intended to convey to Barker a tract of land which included both the 36 and 12 acre blocks as indicated on the plat, and it may be that Barker, when he sold to Crabb, intended to convey to Crabb the same land, yet the question is, Did these parties in fact so convey? We think not. And we conclude that the court was in error in permitting the parol testimony excepted to and in giving the peremptory instruction. See, in addition to authorities hereinbefore cited, rule 20 of Evidence, Sales' Vernon's Statute, vol. 3, p. 2314; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 669; Wadsworth v. Vinyard (Tex. Civ. App.) 131 S. W. 1171; Hamilton v. Blackburn, 43 Tex. Civ. App. 153, 95 S. W. 1094; Johnson v. Archibald, 78 Tex. 96, 14 S. W. 267, 22 Am. St. Rep. 27.

[4] We should perhaps further refer to an instrument dated July 2, 1918, executed by W. W. Crabb and wife to the Texas Pacific Coal & Oil Company, and offered by the defendants in error as a supplemental lease. Omitting formal parts, it reads:

"Whereas, the undersigned, W. W. Crabb and wife, F. E. Crabb, made, executed and delivered to the Texas & Pacific Coal Company, their certain oil and gas lease under date of March 13, 1917, covering ninety-three (93) acres out of Mary Fury survey, abstract No. 127, being the same land purchased from W. T. Barker as per deed recorded in the deed records of Eastland county, Texas, to which deed reference is made for a more full and complete description (said lease is recorded in deed records of Eastland county, Texas, in Volume 96, at page 625); and

"Whereas, it was the intention of the above-named lessor to lease to said lessee all the land owned by said lessors in Eastland county, Texas; and

"Whereas some question has arisen as to the exact acreage and boundaries of said tract:

"Now, therefore, for and in consideration of the terms, conditions and considerations of the said original lease and for the purpose of removing any doubt therefrom, it is agreed by the undersigned that said lease was intended to cover and does cover all of the land owned by us in Eastland county, Texas, at the date of the lease."

[5] We cannot see that this instrument does more than perhaps emphasize what the plaintiff W. W. Crabb freely admitted on his cross-examination. Within and of itself it is insufficient to operate as a conveyance of the land. It certainly does not follow in terms or substance article 1107 of our Revised Statutes, prescribing the terms of conveyances to land, and it seems otherwise lacking in essential terms to clearly express the purpose of thereby making a present grant. Moreover, the plaintiffs in error attacked this instrument as having been procured fraudulently, and the court could not certainly take that issue from the jury, as was done by the peremptory instruction.

We conclude that the judgment below must be reversed, and the cause remanded for another trial.

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 22, 1922.