## HUMBLE OIL & REFINING CO. v. JOHNSTON et al.

No. 4564.

Court of Civil Appeals of Texas. Texarkana.

Nov. 7, 1934.

Rehearing Denied Nov. 15, 1934.

Robert F. Higgins, of Houston, and Campbell, Leak, Taylor & Storey, of Longview, for appellant.

Wynne & Wynne, of Longview, for appellees.

SELLERS, Justice.

Mrs. Dellah E. Johnston in 1930 was the owner in fee simple of several tracts of land located in Gregg county, Tex. On October 8, 1930, Mrs. Johnston executed to W. P. Chandler, for a consideration of $2 per acre, an oil, gas, and mineral lease upon six tracts of her land, which tracts are specially described by metes and bounds in the lease. This lease was thereafter assigned by Chandler to L. B. Benton, and from Benton to Humble Oil & Refining Company.

In May, 1931, the Humble Oil & Refining Company secured from Mrs. Johnston this instrument:

"The State of Texas, County of Gregg.

"Whereas, by instrument dated October 8th, 1930, Dellah E. Johnston, wife of O. G. Johnston now deceased, Executrix of estate of O. G. Johnston, as lessor, executed and delivered to W. P. Chandler as lessee an oil, gas and mineral lease covering certain tracts of land therein stated as comprising 149.5 acres out of the John R. Crosby and Lewis J. Rigsby Surveys, Gregg County, Texas, said lease being recorded in Vol. 4, pages 578–581, Oil and Gas Lease Record of Gregg County, Texas, to which reference is here made for a more particular description of said premises and the terms and provisions of said lease, and

"Whereas, the above mentioned oil lease was subsequently duly assigned by the said W. P. Chandler, lessee, to L. B. Benton and said L. B. Benton duly assigned said lease to the Humble Oil & Refining Company which is now the legal holder and owner thereof together with all rights, titles and privileges of the lessee thereby created and conveyed and

"Whereas, it appears from a recent survey that the tracts of land intended to be covered by said lease is actually and correctly described by metes and bounds as follows: * * * [It is not deemed necessary to describe the land. This instrument again describes by metes and bounds the original tracts described in the lease as corrected and the field notes to one of the tracts is so enlarged as to take in a one-acre tract which was not included in the description as contained in the original lease, and which is the particular acre-tract involved in this appeal.]

"It is the intention to include in the above description of land owned or claimed by lessor adjacent or contiguous to the land particularly described above whether the same be in said survey or surveys or in adjacent surveys.

"Now, Therefore, I, Della Johnston, wife of O. G. Johnston now deceased, Executrix of estate of O. G. Johnston, for and in consideration of the sum of One Dollar ($1.00) cash to me in hand paid, receipt of which is hereby acknowledged and confessed, and in consideration of the terms, conditions and considerations contained in said original lease, do hereby agree, recognize and declare that said original lease executed by the undersigned as above stated on October 8, 1930, in favor of W. P. Chandler was intended to and in fact does cover, comprise and include the above mentioned tracts of land as hereinbefore described by metes and bounds and except as herein amended and corrected in the matter of description of the premises covered thereby, I do hereby in all things ratify and confirm said original lease and acknowledge and declare the same to be in full force and effect according to its terms and provisions.

"Witness my hand this 15th day of May, A. D. 1931."

The instrument was duly acknowledged.

Mrs. Johnston and W. B. Smith brought this suit in the district court of Gregg county on March 9, 1933, in trespass to try title to the one-acre tract of land which was described and included in the above instrument, but which was not included in the original lease; and also to a twelve-acre tract not necessary here to be considered for the reason that defendant quitclaimed any title to it. In an alternative plea, plaintiffs alleged the one-acre tract was not included in the original lease and was not intended by the parties to be included therein; and further alleged as follows:

"Complaining further, plaintiffs allege that thereafter the Humble Oil & Refining Company, through its agent, and in connection with the said W. P. Chandler and L. B. Benton, came to the plaintiff, Mrs. Dellah E. Johnston, after going to her son, Charles Bert Johnston, and stated to them that from a recent survey of the tracts of land the field notes were incorrect and they desired to get corrected field notes describing only the tracts of land which had actually been leased to them; that it, which had been leased to Benton and Chandler and transferred from Chandler to Benton and from Benton to the

Humble Oil & Refining Company. In this ratification the agents for the Humble Oil & Refining Company represented that they did not include any other lands, or more lands, but only the corrected field notes for the actual six (6) tracts of land which had been leased, and to define the 12-acre tract in the homestead tract; but the plaintiffs allege that the defendants had included in the field notes a one (1) acre tract of land, and being Tract No. 1, described in this petition which the plaintiff, Mrs. Dellah E. Johnston had purchased from Mackey and which lease lies entirely outside and East of the tract of land which the Humble Oil & Refining Company had a lease and assignment upon. The Plaintiff, Mrs. Dellah E. Johnston, and her son, who assisted her in looking after her business, relied absolutely upon the representations as made; further, upon the agreement made by the Humble Oil & Refining Company that it only intended to cover the exact six (6) tracts of land and did not include any other lands in the ratification. However, they had included a portion of the twelve (12) acre tract of land and had included the one (1) acre tract of land, taking in and encroaching upon plaintiffs' other lands, which had not been leased to them.

"Complaining further, plaintiffs allege that the defendants are asserting a claim to the twelve (12) acre homestead tract and to the one (1) acre tract above described as Tract No. 1, which claims of the defendants constitute a cloud upon plaintiffs' title and plaintiffs are unable to handle their land, unable to sell their lease and unable to get their money from it."

The petition closed with a prayer for title to the one-acre tract of land and in the alternative that they have judgment removing the cloud cast upon their title by the above-described instrument.

The defendant's answer contains a general demurrer, a number of special exceptions, plea of not guilty, and specially alleges title to the one-acre tract involved by virtue of the original lease to Chandler and the other instrument executed by Mrs. Johnston.

The court heard the evidence of both parties and rendered judgment for the plaintiff for the title to the one-acre tract, to which judgment the defendant, Humble Oil & Refining Company, excepted and has duly prosecuted this appeal.

The disposition to be made of this appeal renders it unnecessary to consider appellant's several assignments of error. As before stated, appellant only claims title to the one-acre tract of land by virtue of the original lease to Chandler which was duly assigned to it, and the second instrument above set out which was executed by Mrs. Johnston. Appellant does not here contend that the one acre of land was described in the original lease to Chandler, nor was this land included within the boundaries of any of the tracts of land particularly described by metes and bounds in the lease to Chandler, nor does appellant by pleadings or proof in this case seek to have the original lease to Chandler reformed so as to include the acre tract here involved, because of any fraud, accident, or mistake in the execution of the original lease. As we understand appellant's contention, briefly stated, they are that the second instrument was an amendment to the original lease and included the acre tract of land, and therefore it has title by virtue of such amendment; and, if mistaken in that, then appellant insists that the second instrument evidenced beyond any question an intention to include the acre tract in the original lease; and therefore the equitable title to the same passed to appellant at the time of execution and delivery of the assignment to it of the lease by Chandler; and, since the equitable title is the superior title, appellant's title should prevail in this suit.

■ We will first determine whether appellant acquired equitable title to the one-acre tract by virtue of an intention of the lessor to include the one acre in the original lease at the time it was executed. The answer to this question is contained in the case of Davis v. George, 104 Tex. 106, 134 S. W. 326, by the Supreme Court, wherein it is held that, where the sole inquiry is to determine what land was intended to be conveyed by a deed, the deed itself must furnish the answer. And, since appellant does not contend that the acre tract was included in the original lease, and does not here seek to have the original lease reformed for fraud, accident, or mutual mistake in its execution so as to permit of extraneous evidence on the question of intent, it follows that appellant, as a matter of law, acquired no title to the tract by virtue of the original lease.

■ There remains to be determined what title to the acre tract appellant acquired by virtue of the so-called correction instrument executed by Mrs. Johnston. The Fort Worth Court of Civil Appeals in the case of Crabb v. Texas Pacific Coal & Oil Co., 238 S. W.

279, 282, had occasion to construe an instrument very similar in all material respects to the instrument here to be construed, and it was there held, and we think correctly so, that the instrument could not operate as a conveyance. We quote the following from that opinion: "We cannot see that this instrument does more than perhaps emphasize what the plaintiff W. W. Crabb freely admitted on his cross-examination. Within and of itself it is insufficient to operate as a conveyance of the land. It certainly does not follow in terms or substance article 1107 of our Revised Statutes, prescribing the terms of conveyances to land, and it seems otherwise lacking in essential terms to clearly express the purpose of thereby making a present grant."

Appellant not having acquired title to the one-acre tract through either the lease or the subsequent instrument executed by Mrs. Johnston, it was not entitled to any relief in this suit; and the trial court's judgment awarding appellees title to the one-acre tract should, in our opinion, be affirmed, and it is so ordered.