### RAILROAD COMMISSION OF TEXAS et al. v. WOOD.

#### No. 8277.

Court of Civil Appeals of Texas. Austin.

June 17, 1936.

Rehearing Denied July 15, 1936.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellant Railroad Commission.

W. H. Francis, of Dallas, and Greenwood, Moody, & Robertson, of Austin, for appellant Magnolia Petroleum Co.

Pollard & Lawrence and Wm. S. Reeves, all of Tyler, for appellee.

BAUGH, Justice.

This is a rule 37 case. Appeal is by the railroad commission and the Magnolia Petroleum Company, intervener, an adjacent lease owner and interested party, from an injunction granted by the district court of Travis county, in favor of Fox Wood, restraining the commission and others from interfering with the drilling by appellee of an oil well on a two-acre tract in the East Texas oil field, in Gregg county. Upon application of Wood, the railroad commission, after notice and hearing, refused to grant the appellee a permit to drill such well. Thereupon this suit was filed. The following material facts appear:

Prior to 1891, the Mt. Pleasant Colored Methodist Episcopal Church owned a three-acre tract on which were located an old church, schoolhouse, and cemetery. In 1891 there was conveyed to said church, for cemetery purposes, two additional acres adjacent to the church lot and the old cemetery. The two-acre tract is 300 feet long east and west, and 277 feet wide north and south, is contiguous on its entire north boundary to the old cemetery lot, and approximately one-half the distance on its east boundary to the church lot. Subsequent to 1891, the entire five-acre tract was owned and used by said church as a single tract for church and burial purposes. In 1930 or 1931, the church leased for oil the original three-acre tract owned by it. In the early part of 1934, appellee acquired a lease on the two-acre tract, known as the new cemetery, about half of which tract was then occupied by graves.

The first contention made by appellants is that said tract being a cemetery, dedicated and used as such, no permit to drill an oil well thereon could lawfully be granted in any event. Appellee, in reply, urges that objections on this ground can legally and properly be made only by the church itself, or by the friends and relatives of those who have been buried there; and that no such grounds can be set up by the railroad commission or by the Magnolia Petroleum Company.

Under the undisputed facts, however, since the railroad commission's order refusing the permit should be sustained on other grounds, we deem it unnecessary to either discuss or decide the first contention so made.

The entire five acres owned by the church for more than forty years clearly constituted but a single tract of land. Rule 37 with its spacing provisions was in force and applied to that field and to the land in question when the original segregation of the three acres, constituting the old church property, was made from the larger tract in 1930 or 1931. This constituted a voluntary segregation of part of said tract, and left remaining a tract of two acres which by virtue of its dimensions would of necessity require an exception to rule 37 before any well could be drilled thereon. Appellee urges that since it was acquired by said church as a separate tract through a separate conveyance in 1891, said two acres constituted such tract as could be dealt with independent of any other property the church owned at that time. This contention cannot be sustained. It is immaterial that the lands constituting the five-acre tract were acquired from different persons, at different times, and for different purposes. The entire five acres acquired by the church and used for religious purposes and for a cemetery has since 1891 constituted but one tract or body of land with a common ownership. That being true, and regardless of the fact that said two-acre tract was designated for cemetery purposes and used solely for that purpose, segregation by lease of the three-acre tract in 1930 or 1931 by the church constituted a voluntary subdivision of the larger tract, and brings the case clearly within the rule announced by this court originally in Sun Oil Company v. Railroad Commission, 68 S.W.(2d) 609, approved by the Supreme Court in Brown v. Humble Oil & Refining Company, 83 S.W. (2d) 935, 99 A.L.R. 1107, and repeatedly re-announced, applied, and re-affirmed both by this court and the Supreme Court since that time.

Under these circumstances, it is clear that Fox Wood could by lease, quitclaim, or otherwise, of the two-acre tract involved, from said church or from its governing body, acquire no right to an exception to rule 37 which would entitle him to drill a well thereon. The record discloses that two wells have already been drilled on the original three-acre tract leased by the church in 1930 or 1931.

Under these facts and circumstances the same question having heretofore been fully considered and discussed in the decisions, we deem further discussion here unnecessary. The judgment of the trial court granting said injunction is therefore reversed and the injunction dissolved.

Reversed, and injunction dissolved.