# HUMBLE OIL & REFINING CO. v. RAILROAD COMMISSION OF TEXAS et al.

## No. 8503.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1936.

Rehearings Denied Dec. 16, 1936.

Rex G. Baker and R. E. Seagler, both of Houston, and Powell, Wirtz Rauhut & Gideon, of Austin, for appellant.

Wynne & Wynne and W. A. Wade, all of Longview, for appellee M. T. Flanagan.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

BLAIR, Justice.

This is a rule 37 case and arose as follows:

Della Johnston owned a tract of land containing 58½ acres, 57½ acres of which were acquired by deed in 1900, and the remaining one-acre tract in controversy was acquired by deed in 1912, the deeds being to Della Johnston's husband, who died in 1924, and the 58½ acres of land passed to Della Johnston under his will. The two tracts of land are contiguous and have been under one ownership since 1912, and are now owned by Della Johnston. A fence separates the tracts, and the 57½ acres have been used for farming purposes, and the one-acre tract, partially covered by a lake of water, has been used for amusement and other purposes. In October, 1930, Della Johnston executed an oil and gas lease to appellant Humble Oil & Refining Company, which covered, according to the decision of the court in Humble Oil & Refining Company v. Della Johnston (Tex.Civ.App.) 76 S.W.(2d) 818, only the 57½-acre tract. Della Johnston executed an oil and gas lease to appellee Flanagan's assignors in 1932, covering the one-acre tract in controversy.

The lessees of the one-acre tract applied for a permit to drill an oil well as an exception to rule 37, which was denied by the Commission by orders dated August 6, 1932, and September 6, 1934, upon the ground that the one-acre tract had been voluntarily subdivided from the 58½-acre tract, contrary to rule 37 regulating the spacing of oil wells. However, on June 10, 1935, after a hearing, the Commission granted appellee Flanagan a permit to drill an oil well on the one-acre tract as an exception to rule 37 to protect vested rights. Appellant Humble Oil & Refining Company, an adjacent lease owner and the owner of the lease on the 57½-acre tract, appealed from the order granting the permit and sought a temporary injunction pending the final disposition of the case against appellee Flanagan to restrain him from drilling the oil well under the permit, and, if drilled, to restrain Flanagan from producing any oil from the well. The trial court denied the temporary injunction, and this appeal is from that order.

The failure of Della Johnston to include the one-acre tract in the Humble lease was tantamount to reserving and excepting it from that lease, and under the numerous decisions of this court constituted a voluntary subdivision of the mineral estate in the one-acre tract from the mineral estate in the 57½-acre tract, in violation of rule 37 regulating the spacing of oil wells. This identical question was determined by this court in the case of Railroad Commission et al. v. Fox Wood, 95 S.W.(2d) 1328 (writ refused), which was decided since the trial and appeal of the instant case.

It was the contention of appellee Flanagan and the trial court held that because the 57½-acre tract and the one-acre tract were purchased by Johnston at different times and from different sources, they did not constitute a single tract, and that the one-acre tract was entitled to a well as an exception to rule 37, in order to protect the vested rights to the minerals therein situated. This same contention was overruled in the Fox Wood Case, wherein this court held that although the two tracts of land there involved were acquired at different times and from different persons and for different purposes, they nevertheless became but one tract or body of land when title was acquired by the church; and that the segregation by mineral lease of the 3-acre tract from the 2-acre tract constituted a voluntary subdi-

vision within the rule announced by this court in Sun Oil Company v. Railroad Commission, 68 S.W.(2d) 609, and approved by the Supreme Court in Brown v. Humble Oil & Refining Company, 83 S. W.(2d) 935, 99 A.L.R. 1107.

For the reasons stated, the judgment of the trial court is reversed, and judgment here rendered granting to appellant the temporary injunction prayed for against the appellees pending a trial of this case on its merits, upon appellant's executing a proper bond in the sum of $10,000, and conditioned as provided by law.

Reversed and rendered.